IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERRILYN KENYON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16-cv-0191 |
| ) | Judge Crenshaw |
| CASSANDRA CLARE, a/k/a JUDITH ) | Magistrate Judge Frensley |
| RUMELT, a/k/a JUDITH LEWIS, ) | |
| ) | |
| and ) | |
| ) | |
| DOES 1 through 50, inclusive, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO QUASH SUBPOENAS WITHOUT PREJUDICE
OR ALTERNATIVELY TO STAY SUBPOENAS UNTIL SEPTEMBER 29, 2017**

COMES NOW, Plaintiff Sherrilyn Kenyon ("Kenyon") respectfully files this Motion to Quash Subpoenas issued by Defendant Cassandra Clare ("Clare") without prejudice, or in the alternative, to stay the deadlines contained in the subpoenas until after September 29, 2017.[1] In support, Kenyon states:

1. On Monday, August 7, 2017, former counsel for Kenyon notified counsel for Clare that a Motion to Substitute counsel would be forthcoming.[2]

2. On Tuesday, August 8, 2017, counsel for Clare hastily issued seven (7) subpoena *duces tecum* and for depositions. The subpoenas were issued in the Middle District of Tennessee

---

[1] Contemporaneous with this motion, Kenyon has filed a Motion to Amend Scheduling Order and to Stay Discovery until September 29, 2017.

[2] The substitution of counsel was necessary for two reasons. First, Kenyon's primary non-litigation attorney, Kelly Frey changed law firms to Nelson Mullins effective August 7, 2017. Second, then lead counsel William Campbell, at Frost Brown Todd, was nominated on July 13, 2017 to be a United States Federal District Judge for the Middle District of Tennessee, and if confirmed, would be unable to continue as lead counsel. *See* https://www.congress.gov/nomination/115th-congress/748 (last accessed August 21, 2017).

(attached hereto as Exhibit A) and the Southern District of New York (attached hereto as Exhibit B).³ More specifically, the subpoenas seek:

**Tennessee subpoenas:**

- Documents from Robert Baker, with a production deadline of September 1, 2017;
- Testimony from Robert Baker, for a September 25, 2017 deposition; and
- Testimony from Tiffany Dunn, for a September 25, 2017 deposition.

**New York subpoenas:**[4]

- Documents from Monique Patterson, with a production deadline of Sept. 1, 2017;
- Documents from Robert Gottlieb, with a production deadline of September 1, 2017;
- Testimony from Robert Gottlieb, for September 20, 2017 deposition; and
- Testimony from Monique Patterson, for a September 21, 2017 deposition.[5]

3. On August 16, 2017, Kenyon's former counsel file a Motion for Substitution (Doc. No. 99), which was approved on August 18, 2017 (Doc. No. 100).

4. Despite knowing that a substitution of counsel was forthcoming, Defendant's counsel did not attempt to provide copies to Kenyon's new counsel of record. The undersigned counsel became aware of the subpoenas on Wednesday, August 16, 2017.

---

[3] Plaintiff reserves the right to move to quash for substantive reasons and respectfully requests the Court to allow Plaintiff's new counsel a reasonable amount of time to become familiar with the facts of the case and whether substantive reasons may exist to quash or seek other appropriate relief related to the subpoenas.

[4] If the Court grants Plaintiff's Motion to Amend the Scheduling Order and to Stay Discovery until September 29, 2017, Plaintiff requests for the Court to include a stay of the New York subpoenas because the dates contained therein would be stayed in the pending action. However, in an abundance of caution, Plaintiff expects to file a Motion to Quash or Stay in the Southern District of New York related to the New York subpoenas.

[5] Defendant's counsel previously issued a subpoena for testimony to Merilee Heifetz and the prior counsel agreed to a deposition on September 19, 2017 in New York City. Plaintiff also requests that deposition also be quashed without prejudice or stayed until after September 29, 2017.

5. Defendant's counsel did not consult Kenyon's former or current counsel for the deposition dates. Defendant's counsel has indicated a desire to proceed with the depositions as scheduled, despite the recent substitution of counsel.[6]

6. Undersigned counsel has a prior scheduled out of town court appearance on September 21, 2017 and will be unavailable to attend depositions on September 20 or 21, 2017. The Court has the ability to modify a subpoena when a scheduling conflict exists for the scheduled date. *Parkway Fox, L.P. v. Massachusettes Bay Ins. Co.,* No. 213CV02567JTFDKV, 2014 WL 12634494, at *1 (W.D. Tenn. June 16, 2014) (denying motion to quash for substantive reasons, but ordering deposition rescheduled for mutually available date).

7. Tiffany Dunn and Rob Baker are entertainment attorneys that previously represented Plaintiff. Rule 45 provides that the court "must quash or modify" a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c) (3)(A)(iii). Tiffany Dunn and Rob Baker's documents and testimony may be protected by attorney-client privilege or other applicable privilege. Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii), a motion to quash is appropriate when the subpoena requests the disclosure of privileged or other protective matter. The hastily issued subpoenas do not allow Kenyon's new counsel adequate time to determine if Tiffany Dunn and Rob Baker's documents and testimony are protected by the attorney-client privilege or other applicable privilege.

---

[6] Undersigned counsel has conferred with Defendant's counsel pursuant to Local Rule 37.01, but Defendant's counsel was not able to immediately respond. Based on the approaching deadlines, it was necessary for Plaintiff to file this motion prior to Defendant's formal response. If the Defendant is willing to withdraw the subpoenas until after September 29, 2017, Kenyon will strike the subject motion.

8. In addition, an Agreed Protective Order was entered on August 5, 2016 (Doc. No. 59). The hastily issued subpoenas do not allow Kenyon's new counsel adequate time to determine if the documents and testimony are protected by the Agreed Protective Order.

9. Robert Gottlieb is Plaintiff's literary agent and Monique Patterson is Plaintiff's editor. A party has a right to move to quash when the party has a proprietary interest in the requested information. *See generally Hood v. Fiberweb, Inc.*, No. 3-10-0355, 2010 WL 4102219, at *1 (M.D. Tenn. Oct. 18, 2010). The hastily issued subpoenas do not allow Kenyon's new counsel adequate time to determine whether a substantive motion to quash is necessary.

10. Pursuant to Federal Rule of Civil Procedure 45(d)(1), a person issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. The subpoenas *duces tecum* seek, *inter alia*, "all communications and documents concerning Cassandra Clare" and "all documents concerning Kenyon and the claims made in the [First Amended Complaint]…" It appears that the subpoenas are unduly burdensome or expensive. The hastily issued subpoenas do not allow fully Kenyon's new counsel adequate time to determine if Clare's subpoenas comply with Rule 45(d)(1) and respond accordingly.

11. Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i), a motion to quash is appropriate when the subpoena allows reasonable time to comply. The Advisory Committee Comments to Rule 45 note that one purpose of the Rule is to "afford other parties an opportunity to object." Based on the recent substitution of counsel, the hastily issued subpoenas do not allow Kenyon's new counsel adequate time to determine if Clare's subpoenas substantively comply with Rule 45(d)(3)(A)(i).

4

Case 3:16-cv-00191   Document 104   Filed 08/22/17   Page 4 of 6 PageID #: 1698

12. "The decision whether to quash, modify, or condition a subpoena is within the district court's discretion." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463, pp. 485-486 (3d ed. 2008).

13. Plaintiff is not seeking for the Court to review the substantive merits of the subpoenas, but merely to quash the subpoena without prejudice or stay the deadlines contained in the subpoenas until after September 29, 2017 to allow Plaintiff's new retained counsel to obtain and review the file and determine whether substantive reasons exist to quash the subpoenas, seek a protective order or other appropriate relief from the Court.

WHEREFORE, for the foregoing reasons, Plaintiff Sherrilyn Kenyon respectfully requests that this Court grant her Motion to Quash or Alternatively to Stay Subpoenas until after September 29, 2017, and grant any and all other relief this Court deems necessary and just.

Dated August 22, 2017. 

Respectfully submitted,

/s/ James A. Haltom
James A. Haltom
Nelson, Mullins, Riley & Scarborough LLP
150 Fourth Avenue North, Suite 1100
Nashville, Tennessee 37219
james.haltom@nelsonmullins.com
*Counsel for Sherrilyn Kenyon*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of August, 2017, the foregoing was filed electronically and served upon all registered users of the Electronic Case Filing System, including:

| | |
|---|---|
| John R. Cahill, Esq. | Samuel F. Miller |
| Ron Adelman, Esq. | Maia T. Woodhouse |
| CAHILL PARTNERS LLP | BAKER, DONELSON, BEARMAN, |
| 70 West 40th Street | CALDWELL & BERKOWITZ, P.C. |
| New York, NY 10018 | 211 Commerce Street, Suite 800 |
| jcahill@CahillLawFirm.com | Nashville, TN 37201 |
| radelman@CahillLawFirm.com | smiller@bakerdonelson.com |
| | mwoodhouse@bakerdonelson.com |
| *Counsel for Defendant Cassandra Clare* | *Counsel for Defendant Cassandra Clare* |

The undersigned also certifies that on this 22nd day of August, 2017, the foregoing was mailed or electronically transmitted to the following:

| | |
|---|---|
| Robert Baker | Tiffany Dunn |
| 6358 Shadow Ridge Ct. | Loeb & Loeb LLP |
| Brentwood, TN 37027-5646 | 35 Music Square East, Suite 310 |
| | Nashville, TN 37203 |
| | |
| Robert Gottlieb | Monique Patterson |
| *Electronic service by email* | *Electronic service by email* |
| *\*no address on Defendant's subpoena* | *\*no address on Defendant's subpoena* |

/s/ James A. Haltom
James A. Haltom